IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DARRIUS BRYANT BELL, #149 992 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-1067-ID |
| | | (WO) |
| TROY KING, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Darrius Bell ("Bell"), files this action under 42 U.S.C. § 1983. He complains about matters associated with the revocation of his parole as a result of violating certain provisions of the Alabama Community Notification Act. Plaintiff's complaint reflects that the matters about which he complains in this action occurred at the parole office located in Birmingham, Alabama, and "county jail/court." The named defendants include parole officer Suzzette Clay, parole hearing officer John Anthony, Attorney General Troy King, Warden Kenneth Jones, Deputy District Attorney Kechia Sanders, Alabama Parole Board member Velinda Weatherly, and the Chairman of the Alabama Board of Pardons and Paroles.

**DISCUSSION**

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from the allegations in the complaint that the actions about which Plaintiff complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama. Although Defendants King, Weatherly, Jones, and the Chairman of the Alabama Board of Pardons and Paroles reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. Moreover, it appears from Plaintiff's recitation of the facts that a majority of witnesses and evidence associated with this case are located in the Northern District of Alabama. Thus, the court concludes that from the face of the complaint, the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.[1]

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

---

[1] In so ruling, this court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.[2]

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 15, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

---

[2] This court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of December 2009.

                 /s/Terry F. Moorer
                TERRY F. MOORER
                UNITED STATES MAGISTRATE JUDGE